Barnes *v.* Bates.

———————— ◦ ————————

## BARNES *v.* BATES.

OFFER TO CONFESS JUDGMENT.—An offer to confess judgment, filed with the answer in a cause, though numbered as a paragraph of the answer, makes no part of the answer and does not require a reply.

TENDER.—PAYMENT INTO COURT.—The defendant, with a plea of tender, paid into court the money alleged to have been tendered. The plaintiff had a verdict for an amount greater than the tender, and the court rendered judgment for the amount of the verdict, and credited the money already paid in.

*Held*, that the judgment, if not strictly formal, was substantially correct.

APPEAL from the *Carroll* Common Pleas.

ELLIOTT, C. J.—*Bates* sued *Barnes*, the appellant, for the value of a quantity of corn stored by the former with the latter as a warehouseman. The complaint also contained a paragraph for corn sold and delivered by the plaintiff to the defendant.

Answer, 1. A general denial. 2. Alleging a settlement between the parties, in which the defendant was found to be indebted to the plaintiff in the sum of $82 19; that the defendant, subsequently, and before the commencement of

the suit, tendered to the plaintiff the sum of $101 50, which the latter refused to receive, which amount was paid into court. The plaintiff filed a reply in denial of the second paragraph of the answer.

A jury trial resulted in a verdict for the plaintiff for $193 28. Motion for a new trial overruled and judgment.

The first objection urged to the proceedings in the Common Pleas Court is, that no reply was filed to the third paragraph of the answer. The record does not show that the answer contained a third paragraph, to which a reply was required. True, it appears that the defendant filed with the answer a statement numbered "*third*," in which he admitted that he was indebted to the plaintiff in the sum of $82 19, with interest from the 18th of July, 1863, for which, and for all costs accrued, he offered to confess judgment. It was not an answer, but an offer to confess judgment for the amount named, and formed no part of the pleadings in the case; and as the plaintiff did not accept it, no further notice of it by him was necessary.

An exception is also taken to the judgment, which is as follows: It is therefore considered by the court, "that the plaintiff do have and recover of and from the said defendant the sum of one hundred and ninety-three dollars and twenty-eight cents," (the amount found by the jury,) "together with his costs and charges herein, and that the sum of one hundred and one dollars and fifty cents has been paid into court on this judgment, by way of tender paid in by said defendant." We see nothing in the judgment of which the appellant can complain. He admitted himself indebted to the plaintiff below in the sum of $101 50, and paid that sum into court. The jury found that he was indebted to the plaintiff in the sum of $193 28, a sum larger than the amount so paid into court. The court rendered the judgment for the whole amount found by the jury, but at the same time, in effect, credited it with the amount paid into court by the appellant. This, if not strictly

formal, was at least substantially correct, and leaves no ground for the appellant to complain.

The judgment is affirmed, with ten per cent. damages and costs.

*J. C.* and *J. Applegate*, for appellant.