No. 13,496.

TAGGART ET AL. *v.* RATTS.

JUSTICE OF PEACE.—*Jurisdiction.*—*Appearance.*—*Waiver.*—A party who appears before a justice of the peace and participates in a trial before him, can not object in the Supreme Court, for the first time, that the justice had no authority to try the case.

SAME.—*Appeal.*—*Reduction of Judgment.*—*Costs.*—Where judgment is rendered for seventy dollars before a justice of the peace, and on appeal the circuit court adjudges that the plaintiff is entitled to recover fifty dollars tendered by the defendant, " and the sum of twenty-two dollars," there is no reduction of the judgment of the justice and the defendant is not entitled to costs.

From the Clark Circuit Court.

*J. K. Marsh, H. A. Burtt* and *J. E. Taggart,* for appellants.
*J. G. Howard, J. F. Read* and *M. Z. Stannard,* for appellee.

ELLIOTT, C. J.—The appellee brought this action before William A. Pearcey, justice of the peace. The appellants applied for a change of venue, their application was granted, and the case sent to Richard H. McNew, a justice of the peace of Oregon township. The appellants appeared before the latter justice and demanded a trial by jury. The jury returned a verdict against them, on which a judgment was entered. From this judgment an appeal was prosecuted to the circuit court. No question was made either in that court or before McNew as to his authority to proceed in the case, but the transcript of McNew does not show how the case came before him.

We think it quite clear that the appearance of the appellants before the latter justice of the peace precludes them from successfully objecting, for the first time, in this court that he had no authority to try the case.

The judgment before the justice of the peace was for seventy dollars, and in the circuit court for twenty-two $\frac{72}{100}$

dollars, but the reduction of the amount of the recovery was, as the record affirmatively shows, caused by a tender of fifty dollars made to the appellee. This tender was made in full of the amount claimed by the appellee, and as it was less than the amount due it was ineffective. The verdict of the jury is, in effect, a special one, showing specially the tender and the amount due, and we think that on this verdict the judgment of the circuit court was not erroneous, although not strictly the appropriate formal one. We think, also, that the record shows that there was no reduction of the amount of the judgment rendered by the justice, for it shows that the court adjudged that the plaintiff was entitled to recover the fifty dollars tendered, and the sum of twenty-two $\frac{72}{100}$ dollars, making in the aggregate the sum of seventy-two $\frac{72}{100}$ dollars, thus showing that he was entitled to recover all he claimed. There was, therefore, no error in refusing to tax costs against the appellee. *Barnes* v. *Bates*, 28 Ind. 15.

Judgment affirmed, with five per cent. damages and costs.

